McKinney, J.
delivered the opinion of the court.
This was a judgment on motion in favor of a surety,, rendered by a justice of the peace ; and the principal question is, had the justice jurisdiction of the case l
*54 The plaintiff in the motion was the surety of the defendant in a bill single, executed to Samuel Moore, on the 15th September, 1843, for seventy-six dollars and sixty-seven cents. On the 19th January, 1848, suit was brought against the surety alone, upon said bill single, before a ^justice, and judgment was rendered thereon, for ninety-six dollars and forty cents. And thereupon the plaintiff, in the absence of the defendant and without his knowledge, at the same time and before the same justice, moved for and obtained judgment over against the defendant, as principal in said bill single, for said sum of ninety-six dollars and forty cents, and costs. The case was afterwards removed into the circuit court by certiorari, where, on the motion of defendant, the proceedings and judgment before the justice were quashed, and the plaintiff appealed in error to this court.
There is no error in the judgment of the circuit court. The act of 1809, ch. 69, sec. 1, provides “that in all cases where judgment may be rendered against any person or persons, or the heirs or representatives of any person or persons, who is security in any note, bill, bond or obligation,' it shall and may be lawful for such security or securities, his, her or their representatives, to obtain judgment by motion against his, her or their principal obligor or obligors, or their representatives, for the full amount of such judgment and costs, before any jurisdiction having cognizance thereof, and execution shall issue accordingly.”
The 2d section enacts, that “when any motion shall be made agreeably to the provisions of this act, and it does not appear on the face of the note, bill, bond or obligation, whether the person in whose favor such motion was made was security or not, the court shall immedi *55 ately empannel a jury to ascertain the fact; and on the finding that the person or persons were only security, such court shall enter up judgment agreeable to the first section of this act.”
This statute gives a new and very summary remedy to sureties. The mode of proceeding is wholly exparte, requiring no notice to the adverse party; and the surety is entitled to judgment and execution against the principal without having paid any part of the debt for which'he was bound as security. A remedy so contrary to the course and policy of the common law, and so liable to abuse, will not be extended by construction, beyond what the words of the statute, in their ordinary acceptation clearly indicate to have been the intention of the Legislature. The judgment is to be obtained in any jurisdiction having cognizance thereof. Justices of the peace have no judicial power or authority, in civil cases, except such as is expressly conferred upon them by statute. The exercise of jurisdiction in question would therefore, require an express grant of the power. But the statute above recited confers no such jurisdiction; and from the repeated use of the word “ court,” in con-nexion with the exercise of jurisdiction, it would seem to be clear, that the intention was to confine, it, to such tribunals, as in the proper, as well as the common acceptation of the term, are denominated courts.
Again; that such is the true construction of the statute, is manifest from the requirement that in all cases where the relation of surety does not appear upon the face of the paper, the court shall immediately empannel a jury to ascertain the fact, a function which does not belong to the judicial power or authority of a single justice in any case.
*56 And even if the statute were held to comprehend justices of the peace, it is clear that the jurisdiction would be limited to cases not exceeding fifty dollars, and where the fact of suretyship appeared ón the face of the paper.
Upon this construction, the result would be the same in the case under consideration.
The language of this statute is very different from that of the act of 1801, ch. 15, sec. 1. Under the latter act, where judgment has been obtained against a surety, and he has paid or discharged such judgment, in whole, or part, he, or his representatives may obtain judgment, by motion, against the principal, or his representatives, “ in any court, or before any judicature where judgment may have been entered up against such security,” &c.
The result of our opinion is, that, under the act of 1809, above referred to, if the sum for which judgment is sought to be obtained, amounts to -fifty dollars or upwards, the jurisdiction, under existing laws, belongs, in a case like the present, to the circuit court; and, if under that amount, the party must pursue his remedy by warrant before a justice of the peace in the ordinary form. Judgment affirmed.